IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| DORIS JACKSON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>　　Defendants. | CIVIL ACTION FILE<br>NO. 1:11-CV-3903-TWT |

### OPINION AND ORDER

This is a products-liability case. It is before the Court on the Defendants' Supplemental Motion for Summary Judgment [Doc. 113]. For the reasons set forth below, the Court GRANTS the Defendants' Supplemental Motion for Summary Judgment [Doc. 113].

### I.   Background

This case is one of many that were consolidated in MDL 2327 in the United States District Court for the Southern District of West Virginia. (Conditional Remand Order, at 1, 3.) The Plaintiff, Doris Jackson, suffered from pelvic organ prolapse. (Compl. ¶ 23.) To treat this condition, the Plaintiff received a Prolift Anterior and Posterior Pelvic Floor Repair System ("Prolift"), which was designed, manufactured, and distributed by the Defendants, Johnson & Johnson and Ethicon, Inc. (*Id.* ¶¶ 5, 9, 23.) The Plaintiff alleges that as a result of the Prolift implantation, she has suffered a variety of physical, emotional, and financial injuries. (*Id.* ¶ 25.) On January 12, 2022, this Court

issued an order adjudicating eleven *Daubert* motions to exclude certain opinions of the parties' respective experts. *See Jackson v. Johnson & Johnson*, 2022 WL 110422 (N.D. Ga. Jan. 12, 2022). Relevant here, the Court excluded the testimony of the Plaintiff's two case-specific causation experts on the grounds that their reports contained unreliable methodologies under Federal Rule of Evidence 702. *See id.* at *2-4. Now, following their successful *Daubert* motions, the Defendants move for summary judgment on the Plaintiff's sole remaining claims for design defect and failure to warn under both negligence and strict-liability theories.

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III.   Discussion

The Defendants contend that the Plaintiff's claims cannot succeed without specific-causation expert testimony. In Georgia, proximate causation is an essential element in a cause of action for design defect or failure to warn, whether premised on a negligence or strict-liability theory. *See Wilson v. Taser Int'l, Inc.*, 303 F. App'x 708, 715 (11th Cir. 2008) ("Under Georgia product liability law, a plaintiff must prove as part of his *prima facie* case that the defendant's product was the proximate cause of the injuries alleged."); *Fouch v. Bicknell Supply Co.*, 326 Ga. App. 863, 868 (2014); O.C.G.A. § 51-1-11(b)(1); Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases, § 62.610 (5th ed. 2020). To prove medical causation in a complex products-liability case like this one, a plaintiff must produce evidence of general causation—i.e., that the device in question can cause the kind of harm alleged—and specific causation—i.e., that the device did in fact cause the plaintiff's injuries. *See Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1334 n.4 (11th Cir. 2010); *Fouch*, 326 Ga. App. at 868. These types of proof require reliable expert testimony unless a juror could naturally infer a causal connection based on human experience alone. *See Wilson*, 303 F. App'x at 715; *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1237 (11th Cir. 2005).

Here, the Court has excluded the testimony of the only two specific-causation experts designated by the Plaintiff: Dr. John Miklos and Dr. Colleen Fitzgerald. *See Jackson*, 2022 WL 110422, at *2-4. As the Court's order

explained, both experts failed to conduct a reliable differential diagnosis in their reports to rule in and then rule out the possible causes of the Plaintiff's symptoms. *See id.* Under these circumstances, where a plaintiff has no admissible expert testimony regarding specific causation, courts routinely enter summary judgment on products-liability claims in favor of the defendant. *See, e.g., Goodrich ex rel. Goodrich v. Fisher-Price, Inc.*, 2018 WL 11343390 (N.D. Ga. Nov. 14, 2018); *In re Denture Cream Prods. Liab. Litig.*, 2012 WL 5407868 (S.D. Fla. July 31, 2012), *aff'd sub nom. Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296 (11th Cir. 2014); *Kilpatrick v. Breg, Inc.*, 2009 WL 2058384 (S.D. Fla. June 25, 2009), *aff'd*, 613 F.3d 1329; *Hendrix ex rel. G.P. v. Evenflo Co., Inc.*, 609 F.3d 1183 (11th Cir. 2010); *Siharath v. Sandoz Pharms. Corp.*, 131 F. Supp. 2d 1347 (N.D. Ga. 2001), *aff'd sub nom. Rider v. Sandoz Pharms. Corp.*, 295 F.3d 1194 (11th Cir. 2002). The same outcome, the Defendants insist, is warranted in this case. (Reply Br. in Supp. of Defs.' Mot. for Summ. J., at 6-7.)

In place of Dr. Miklos and Dr. Fitzgerald, the Plaintiff relies on other expert and non-expert evidence to establish specific causation: namely, her medical records; the testimony of her treating physician, Dr. Bobby Tackitt; and the testimony of her general-causation experts. (Pl.'s Br. in Opp'n to Defs.' Mot. for Summ. J., at 2-3, 6-7, 10.) Of course, the Plaintiff's general-causation experts cannot stand in the shoes of her specific-causation experts given that both types of causation are essential to her design-defect and failure-to-warn

claims. Nor can the Plaintiff carry her evidentiary burden by resting on her medical records and Dr. Tackitt's testimony by themselves. The Plaintiff claims that Eleventh Circuit precedent allows Dr. Tackitt, even as a non-expert, to opine that Prolift mesh was the source of the Plaintiff's various injuries. (*Id.* at 6-7 n.1.) After all, "a treating physician may testify as a lay witness regarding his observations and decisions during treatment of a patient," *Wilson*, 303 F. App'x at 712, and Dr. Tackitt's causation opinion, the Plaintiff argues, was central to his decision to remove the Plaintiff's Prolift mesh in 2017. (Pl.'s Br. in Opp'n to Defs.' Mot. for Summ. J., at 6-7 n.1.) The problem is that the Plaintiff never designated Dr. Tackitt as either a retained or non-retained expert witness on causation.

In the Court's view, this argument is a red herring. Even assuming that Dr. Tackitt's causation testimony could be admitted at trial, his sole function (according to the Plaintiff) would be as a lay witness and not as the expert required by Georgia law. As noted above, whether Prolift mesh can and did cause chronic pain, vaginal discharge, and other ailments in the Plaintiff is not a natural inference that a juror could make through human experience. *See Wilson*, 303 F. App'x at 715. This is particularly true in light of the Plaintiff's complicated surgical history. This history includes three gynecological surgeries: the Prolift implantation in October 2006; a vaginal hysterectomy and Pelvitex implantation in May 2007; and a third surgery in 2010 consisting of, among other things, a lysis of adhesions and a vaginal cuff revision. Thus,

5

the Plaintiff must present medical *expert* opinion as to causation either alone or, if the medical opinion is weak, in conjunction with probative non-expert evidence (e.g., Dr. Tackitt's testimony). *See id.*; *Rodrigues v. Georgia-Pacific Corp.*, 290 Ga. App. 442, 444-45 (2008) (explaining that expert testimony must show either a *probable* cause on its own or a *possible* cause if supplemented by non-expert causation testimony). But the Plaintiff did not designate Dr. Tackitt as a retained or non-retained expert under Rule 26(a)(2), and Dr. Tackitt has not provided an expert report or a summary disclosure of his causation opinions to the Defendants. (*Id.* at 6 n.1.) Further, the Plaintiff does not cite a single products-liability case in which a treating physician's lay testimony was allowed to substitute for properly disclosed and vetted expert testimony.[1] Accordingly, this Court will not sanction the Plaintiff's attempted end-run around the federal rules of evidence and civil procedure. *See In re Denture Cream*, 2012 WL 5407868, at *6 (holding that the plaintiff's treating physicians "cannot create an issue of fact by themselves as to causation" where they "are fact and not expert witnesses").

---

[1] The court in *Williams v. American Medical Systems*, 248 Ga. App. 682 (2001), did not address the issue of expert causation testimony whatsoever, whereas the plaintiff in *In re C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair System Products Liability Litigation*, 810 F.3d 913, 930 (4th Cir. 2016), presented "ample expert and non-expert testimony for a jury to find that the design defects caused her injuries."

6

The Plaintiff's remaining arguments are also without merit. In large part, she accuses the Defendants of taking a one-size-fits-all approach to proximate causation when, in fact, the causation requirement varies by the type of claim asserted. (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 3-4.) For example, as to her design-defect claim, the Plaintiff argues that she need only show that the Prolift mesh did not operate as intended rather than connect a specific design flaw to her injuries. (*Id.* at 5.) And as to her failure-to-warn claim, she argues that there are three distinct elements to causation: (1) the product warnings were deficient; (2) the physician would not have used the product with appropriate warnings; and (3) the deficiencies in the warnings relate to the plaintiff's injuries. (*Id.* at 11.) Again, these arguments merely distract from the threshold requirement that the Plaintiff prove that the Defendants' product was the proximate cause of the injuries alleged. *See Wilson*, 303 F. App'x at 715. The Court previously found that the Plaintiff's specific-causation experts failed to make this showing with reliable methodologies. *See Jackson*, 2022 WL 110422, at *2-4. And without their testimony, the Court concludes that the Defendants are entitled to summary judgment on the Plaintiff's remaining claims.

## IV.   Conclusion

For the foregoing reasons, the Court GRANTS the Defendants' Supplemental Motion for Summary Judgment [Doc. 113]. The Clerk of Court

is DIRECTED to enter judgment in favor of the Defendants and to close this case.

SO ORDERED, this  26th  day of August, 2022.

                                                    THOMAS W. THRASH, JR.
                                                    United States District Judge